LA PLATA TOBACCO CO., APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 412.—Decided December 23, 1919.

RECORD OF TITLE — CORPORATION — CERTIFICATE OF RESOLUTION — PUBLIC DOCU-MENT—AFFIDAVIT.—A certificate under the seal of a corporation, wherein the secretary of the corporation transcribed a resolution of the directors authorizing the vice-president of the corporation to execute a deed of sale in its name, accompanied the deed of sale so executed and into which the said resolution was not copied. The said certificate was sworn to by the secretary before the same notary who attested the deed and the notary identified the secretary. It was held that the said certificate cannot be considered as an affidavit, but as a public document for the purposes of the registry and the Mortgage Law and that the fact that the secretary acknowledged his signature before the notary does not deprive the certificate of its character as a public document.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The La Plata Tobacco Company appears in a deed as the alleged vendor of a piece of property to Antonio Longo González and his wife. The deed itself recites that the said corporation was represented in the appearance before the notary by M. A. Walker, Jr., Vice-president, who asserted that he was duly authorized by the said corporation to make the contract in question. Accompanying the said deed was a certificate under the seal of the corporation wherein the secretary of the said corporation transcribed a copy of the minutes of the corporation giving the said M. A. Walker, Jr., Vice-president, authority to make the sale to Antonio Longo. This certificate of the said secretary was sworn to before the same notary who attested the deed and he identifies the secretary.

The Registrar of Caguas refused record on the ground,

in substance, that the facts recited in the certificate of the secretary were not duly proved, an affidavit being insufficient for that purpose, citing laws and authorities.

It is settled law that the transcription in the deed itself of the resolution of a corporation or like body is sufficient. Decisions of the Directorate of Spanish Registries of December 21st, 1887, and April 24th, 1911. And this is also the current American practice of corporate deeds and should be followed by notaries.

The notary here omitted to include the certificate of the secretary of the corporation in his deed, but he presents it independently and identifies the person who appears before him, and in this independent certificate appears the seal of the corporation. Every corporation in Porto Rico must have a seal (section 409 of the Revised Statutes) and a statement under seal is the manner of acting or of proof for a corporation. 10 Cyc. 1004 *et seq.*, and specially 1008 and 1014. It is true that the secretary also swears to his signature, but this affidavit did no harm. The fact was that the secretary appeared before the notary to give validity to the resolution and the seal and to identify himself, and it makes no difference that he did so in the form of an affidavit.

The seal of the corporation, the certificate of the secretary and identification executed before a notary made the certificate a public document for the purpose of the registry and the mortgage law. For similar reasoning see *Goitia* v. *Registrar of Property, ante,* p. 850. This was not a case as in *Successors of Andreu & Co.* v. *Registrar,* 20 P. R. R. 398, where an independent fact was attempted to be proved by an affidavit. The affidavit as such may here be considered superfluous. The identification by the notary of the person who appeared was sufficient. The only other comment is that the alleged affidavit ought to have been filed in the protocol of the notary and a copy sent to the registry; but

the original, however, is no less a public instrument sufficient for the purposes of the registry.

The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.